## Gump *et al. versus* Showalter.

*Sale of stolen Horse at Suit of Innkeeper for Livery does not divest Title of Owner.*

The Act 7th April 1807, giving a lien upon horses delivered to innkeepers for keeping, and also the power to sell at public sale after the expense amounts to $30, does not apply to a stolen horse left by the thief, and such sale does not divest the title of the real owner.

[Gump *et al* v. Showalter.]

ERROR to the Common Pleas of *Greene county*.

This was an appeal from the judgment of a justice of the peace, in an action of *assumpsit* brought by John Showalter, against Archibald Gump and A. J. Gump, to recover the value of a gray mare, which the plaintiff had received in exchange from defendants, but which having been stolen, was subsequently reclaimed by the owner.

The testimony showed that the mare had been stolen from one William Daw, in Ohio; that she was left by a stranger at the public-house of Mrs. Morris, in Greene county, where she was allowed to remain until the bill for her keeping amounted to over $30, when she was advertised under the Act of April 7th 1807, creating "a lien in favour of livery-stable keepers and innkeepers, on horses delivered to them to be kept in their stables," and sold to Elijah Patterson, who sold her to the Messrs. Gump, by whom she was given to the plaintiff in exchange for a horse.

The plaintiff claimed to recover on the implied warranty of title, while the defendants insisted that the sale by the innkeeper passed a good title to Mr. Patterson, which title had passed to the plaintiff, and that as he had voluntarily surrendered the mare to Mr. Daw, he could not recover.

The court below instructed the jury that the innkeeper's sale did not pass title to the purchaser, and that the plaintiff below was entitled to recover the value of the mare at the place where she had been exchanged; which was assigned here for error by the defendants.

*Purman* and *Ritchie*, for plaintiffs in error.

*E. W. Sayers*, for defendant.

The opinion of the court was delivered, November 17th 1862, by

READ, J.—In England sales in market *overt* are binding on all those who have any right or property therein, but even in such case, if the buyer knoweth the property not to be in the seller, the owner's property is not bound thereby. But a purchaser gains no property in a horse that has been stolen, unless it be bought in a fair or market overt, according to the direction of the statutes 2 P. & M. c. 7, and 31 Eliz. c. 12, which secure the most perfect publicity to the whole transaction; nor does such sale take away the property of the owner, if within six months after the horse is stolen he puts in his claim before some magistrate where the horse shall be found.

In case any of the requirements of the statutes are not observed, such sale is utterly void.

In Pennsylvania markets overt do not exist, nor are the fore-

[Gump *et al. v.* Showalter.]

going statutes in force, And in cases of sales of horses by commissioned auctioneers, it is expressly provided by the Act of Assembly that no sale of any stolen horse, mare, or gelding shall be deemed a public sale in markets *overt* so as to change the property thereof: Act 23d September 1780, § 7, 1 Smith 511. Now the Act of the 7th April 1807, giving a lien upon horses delivered to innkeepers and livery-stable keepers, to be kept in the stables, for the expense of keeping, and if it amounts to $30, the power of selling the horse at public sale according to law, evidently contemplates no such case as a stolen horse left by a thief; for it provides before sale for a personal demand. And in case of removal for notice and demand of payment in writing, left at his last place of abode, and after the sale it is directed that such livery-stable keeper or innkeeper, after deducting from the amount of sale the costs of sale, and the expenses of keeping, "shall deliver the residue on demand to the person or the *agent of the person* who delivered the horse or horses to him for keeping."

Such provisions are clearly inapplicable to persons guilty of horse-stealing; and if the sale is to be conducted by the auctioneers empowered by law to make public sales of horses, then the Act of 1780 expressly provides that such sale shall not change the property of a stolen horse. The sale of the stolen horse, therefore, by the innkeeper, in this case, did not divest the title of the real owner, nor did it in any way change the property which still remained in him.

Judgment affirmed.